FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 FEB 10 AM 11:49

CLERK-LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NATIONAL SATELLITE SPORTS, INC.,

    Plaintiff,

vs.                              CIVIL NO. 03-0882 RB/LCS

MULTIMEDIA DEVELOPMENT CORP.,
d/ba/ TV WEST WIRELESS CABLE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court *sua sponte.*

### I. BACKGROUND

On December 2, 2003, Honorable Leslie C. Smith, U. S. Magistrate Judge entered an Order to Show Cause to Plaintiff's counsel putting the Plaintiff on notice that, unless service was effected upon the defendant by Monday, January 5, 2004, the Plaintiff's case would be dismissed without prejudice. The Order to Show Cause also indicated that more than 120 days had elapsed from the filing date of the complaint to the date of the Order, and that Fed.R.Civ.P. 4(m) allows only 120 days within which a complaint is to be served on a defendant. To date, the Court record reflects that the defendant has not been served with the complaint.

### II. ANALYSIS

Fed.R.Civ.P. 4(m) provides in relevant part that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the Plaintiff, shall dismiss the action without prejudice as to that defendant . . . .



Plaintiffs were notified more than 120 days that their lawsuit would be dismissed unless service was effected by January 5, 2004, the date of the Order to Show Cause -- December 2, 2003. Today's date is February 9, 2004. Thirty Four days have elapsed since the Order to Show Cause, and the record reflects that the Plaintiffs have failed to comply with that Order.

Furthermore, the court has the inherent power to impose a variety of sanctions on litigants in order to regulate its docket, promote judicial efficiency, and deter frivolous filings. Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretionary authority of the Court is to dismiss an action for want of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962).

Based on the Plaintiffs' lack of action in this case, their complaint shall be dismissed without prejudice for want of prosecution.

**WHEREFORE,**

**IT IS ORDERED** that this cause of action be, and hereby is, **DISMISSED** without prejudice.

Dated at Las Cruces this *10* day of *Feb*, 2004.

*/s/ Robert Brack*
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE